# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40411

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2018

Lyle W. Cayce
Clerk

STEVEN BROUSSARD,

Plaintiff–Appellant,

versus

JEFFERSON COUNTY;
G. MITCH WOODS, Individually and in His Official Capacity
as Sheriff of Jefferson County,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:15-CV-309

Before REAVLEY, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

Steven Broussard, a former corrections officer, sued his previous

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40411

employer, Jefferson County, Texas, and its sheriff under 42 U.S.C. § 1983, alleging retaliation for exercising his First Amendment rights in stating criticisms regarding the operation of the county government. Based on the magistrate judge's report and recommendation, Broussard was allowed to amend to cure deficiencies in his complaint. The magistrate judge then issued a second, thorough recommendation that the defendants' motion to dismiss be granted, agreeing with the defendants that "Broussard's 42 U.S.C. § 1983 claims against Woods are barred by qualified immunity, and that [the] claim against Jefferson County fails to identify an official policy or custom . . . that violated Broussard's constitutional rights."

The district court agreed, observing that the magistrate judge had carefully divided Broussard's statements into those made as a citizen and those made in his capacity as a government employee. The court noted that the statements as an employee were not actionable and that Broussard had not pleaded facts that plausibly suggest that the sheriff was even aware of statements Broussard had made as a citizen.

We have examined the briefs, the applicable law, and pertinent parts of the record and have heard the arguments of counsel. The district court was correct to rule that Broussard failed to state a claim. We therefore need not explore the question of qualified immunity. The judgment of dismissal is AFFIRMED, essentially for the reasons carefully set forth by the magistrate judge and the district court.